UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KURTIS HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:25-cv-00412-SDN |
| | ) |
| MAINE STATE PRISON, et al., | ) |
| | ) |
| Defendants | ) |

**SUPPLEMENTAL RECOMMENDED DECISION**

On August 26, 2025, after a preliminary review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommended that the Court dismiss Plaintiff's complaint, unless Plaintiff amended the complaint "with sufficient facts to support an actionable claim." (Recommended Decision at 3, ECF No. 6.)  I noted that although Plaintiff referred to an assault in his filing, he "provide[d] no other information from which the Court could determine whether Plaintiff has alleged an actionable claim." (*Id*.)

On September 15, 2025, Plaintiff filed an amended complaint in which he alleges that on May 30, 2025, during a lockdown, Defendant Arugue, a corrections officer at the Maine State Prison, became angry with and threatened Plaintiff, tackled him and "knelt on [his] neck with enough pressure that [he] could not breathe." (Amended Complaint at 2, ECF No. 9; Attachment to Amended Complaint, ECF No. 9-1.)  Plaintiff also alleges that following an investigation, Defendant Arugue "was placed on administrative leave for [the] incident." (Amended Complaint at 2-3.)   Plaintiff contends that Defendants' conduct

constitutes a violation of the Eighth Amendment to the United States Constitution. (*Id*. at 2.)

A claim of constitutional harm caused by a state actor is actionable under the Civil Rights Act, 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983. "Section 1983 provides a cause of action when an individual, acting under color of state law, deprives a person of constitutional rights." *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016). To maintain a claim under section 1983, "a plaintiff must show that 'the challenged conduct [is] attributable to a person acting under color of state law' and that 'the conduct must have worked a denial of rights secured by the Constitution or by federal law.'" *Freeman v. Town of Hudson*, 714 F.3d 29, 37 (1st Cir. 2013) (quoting *Soto v. Flores*, 103 F.3d 1056, 1061 (1st Cir. 1997)).

The Eighth Amendment prohibits excessive bail, excessive fines, and the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. "A punishment is cruel and unusual if it involves the unnecessary and wanton infliction of pain." *Elliott v. Norwood*, Nos. 1:18-cv-00449-JAW, 1:18-cv-00450-JAW, 2019 WL 521592, at *2 (D. Me. Feb. 11, 2019) (citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). A claim of excessive force in violation of the Eighth Amendment "'has two components—one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's

effect.'" *Staples v. Gerry*, 923 F.3d 7, 13 (1st Cir. 2019) (quoting *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009)).

At this stage of the proceeding, affording Plaintiff all reasonable inferences from the alleged facts, and consistent with the Court's obligation to construe a pro se plaintiff's complaint liberally, I find that Plaintiff has alleged enough facts to proceed on an excessive force claim against Defendant Arugue.

Plaintiff also joined as defendants the Maine State Prison and a John Doe. First, because Plaintiff has not alleged facts that would support a claim against another individual, Plaintiff also cannot proceed against John Doe. In addition, Plaintiff cannot pursue the action against the Maine State Prison, which is an agency of the State of Maine. Subject to limited exceptions not applicable in this case, the State of Maine and its agencies have immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Additionally, while a federal district court would have jurisdiction under the Civil Rights Act over claims against persons exercising state authority, § 1983 does not authorize claims against the state or its agencies. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").

Because Plaintiff has alleged sufficient facts to support a claim against Defendant Arugue, I withdraw the original recommended decision. For the reasons explained herein, I recommend the Court dismiss Plaintiff's claims against the Maine State Prison and John Doe but permit Plaintiff to proceed on an Eighth Amendment excessive force claim against Defendant Arugue.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of November, 2025.